# MEMORANDUM IN SUPPORT DEFENDANT'S MOTION TO SUBPOENA RESIDENT OF TENNESSEE

**BACKGROUND**

Defendant is operating Pro Se and does not have legal counsel, nor any legal training.

On March 15, 2010 Defendant issued a subpoena to Mr. Clifton Lambreth of Brentwood, Tennessee, to produce documents and the subpoena was signed by the Court Clerk in the US District Court, District of New Jersey **(Exhibit A, Subpoena to Produce Documents for Clifton Lambreth)**. Defendant understood this to mean that the subpoena was properly issued. The subpoena was then served by the Williamson County Sheriff's Office **(Exhibit B, Proof of Service for Subpoena for Clifton Lambreth)**. Mr. Lambreth never responded to said subpoena. Defendant, still believing it was a properly issued subpoena, then entered a Motion in the same Court to Compel Mr. Lambreth to produce the documents subpoenaed **(Exhibit C, Motion To Compel Clifton Lambreth To Produce Documents)**. The subpoena asked Mr. Lambreth to produce documents that Defendant had good cause to believe Mr. Lambreth has, or has access to that are critical to Defendant's case.

On May 7, 2010 Defendant again issued a subpoena for Mr. Clifton Lambreth to attend a deposition and to produce the same documents he failed to produce in response to the first subpoena **(Exhibit D, 2nd Subpoena issued for Clifton Lambreth)**. Again, the office of the Court Clerk signed the subpoena indicating to Defendant that it was properly issued.

By chance, at a deposition being held by Plaintiff, Defendant mentioned he was going to subpoena Mr. Lambreth on the only day available to him before the close of discovery, and Plaintiff informed Defendant that it had to be issued from the Court in Tennessee. Defendant had no idea that was the case and believed he had operated properly as the Court Clerk had signed both subpoenas as a duly authorized representative of the Court.

Having lost all this time, the Defendant is therefore making an urgent Motion to the US District Court in the Middle District of Tennessee to issue the subpoena to Clifton Lambreth for the following reasons:

**REASONS FOR SUBPOENA**

1. **Mr. Lambreth Has Intimate And First Hand Information Concerning Defendant's Case.**

Mr. Lambreth has critical information concerning testing of Defendant's product and represented himself to be the liason between Defendants in this case and Ford Motor Company. Mr.Lambreth has personal knowledge of: a) receiving product for testing, b) conversations with engineers and executives at Ford concerning Defendant's product and testing, c) the progress of the testing with those who were testing the products, among other things. In addition Mr. Lambreth was the primary speaker at a meeting for dealers who had been selling Defendant's product and represented to an audience of close to 800 people that Ford Motor Company was testing the products. **(Exhibit E, Email from Clifton Lambreth with attachment of Mr. Lambreth's Power Point Presentation and slides from that presentation).** Please note, Defendant has a DVD of this presentation, which Defendant would be happy to produce if the Court requests). In fact, Mr. Lambreth is the only person Defendant can identify who is aware of all of these things. Any other persons involved in this testing are unknown to Defendant at this time. One of the reasons for conducting this deposition would be to obtain information concerning other parties involved in the testing and any documents in Mr. Lambreth's possession or that he may have access to.

2. **Mr. Lambreth Has Unique Information That Can Only Be Obtained By Deposing Him.**

Mr. Lambreth has claimed to have conversations with other parties at Ford Motor Company, who deny having had those conversations. **(Exhibit F, Email from Clifton

**Lambreth presenting Letter from Patrick Doyle and Exhibit G, Declaration of Patrick Doyle).** The only way Defendant can determine the truth is to depose Mr. Lambreth. In addition, the content of multiple conversations between Defendant Lee and Mr. Lambreth are pivotal to Defendant's case. As the only other party to a conversation between himself and defendant, Mr. Lambreth can testify to what he told or did not tell the Defendant.

Defendant does not wish to take up the Court's time, and feels that the above is a sufficient basis to issue a subpoena, but there are numerous other areas and issues that Mr. Lambreth has first hand information about concerning this case.

## CONCLUSION

This being the proper court to issue a subpoena for a deposition to be held in the Middle District of Tennesse, and Mr. Clifton Lambreth having first hand, pertinent, and unique information pivotal to Defendant's case, Defendant requests the Court to issue a Subpoena for Attendance for a Deposition and To Produce Documents to Mr. Clifton Lambreth of Brentwood, Tennessee.

Enclosed please find a Prepared Subpoena for Mr. Lambreth, in lieu of a Proposed Order, as directed by the office of the Court Clerk in the Middle District of Tennessee, US District Court.

Due to the loss of valuable time due to District of New Jersey Court's error, the impending close of fact discovery in this cas,e and the Defendant's work schedule, Defendant asks the Court to please sign the enclosed Subpoena for Clifton Lambreth promptly so Defendant may serve Mr. Lambreth with sufficient notice to attend the deposition prior to the close of discovery.

Respectfully Submitted,

Dennis Lee, Pro se.

Dated May 11, 2010

5